**XINSHU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70811.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Sept. 1, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Claire H. Kim, Esq., Law Offices of Claire H. Kim, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Xinshu Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review findings of fact for substantial evidence and questions of law de novo, *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir.2003). We grant in part and deny in part the petition for review, and remand.

■ Substantial evidence does not support the agency's adverse credibility determination. First, the confusion in Chen's testimony regarding whether she was arrested in 1998 stemmed from a translation error. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) ("Even where there is no due process violation, faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based."). Second, Chen's

inability to recall the precise length of her detention 14 years earlier is not substantial evidence upon which an adverse credibility finding can be based. *See Singh v. Gonzales*, 403 F.3d 1081, 1091 (9th Cir. 2005) (discussing the ability of witnesses to recall precise dates of events and noting that cultural factors may play a role in how witnesses recall events). Finally, the agency failed to address Chen's reasonable explanation for a discrepancy regarding the date she was fired from her teaching position. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (explaining that an adverse credibility finding is not supported by substantial evidence where the agency did not address petitioner's explanation for the identified discrepancy).

■ Substantial evidence does not support the BIA's determination that Chen is not eligible for asylum. Chen testified that in 1989 she was detained for three weeks and repeatedly beaten by police for failing to reveal the location of a Tiananmen Square protester. We conclude that Chen suffered past persecution based upon this encounter. *See Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000) ("Physical harm has consistently been treated as persecution."). As a result, Chen is entitled to a presumption of a well-founded fear of future persecution. *See Baballah*, 367 F.3d at 1078–79 (a finding of past persecution gives rise to a presumption of a well-founded fear of future persecution and a presumption of eligibility for withholding of removal).

■ The BIA's alternate finding, that even if Chen suffered persecution in 1989 she did not establish a well-founded fear of future persecution, is not supported by substantial evidence. Chen testified that after she was fired from her job in 1998

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

for presenting an anti-communist lesson to her students, police issued a warrant for Chen's arrest and continued to look for her at her home. The presumption of a well-founded fear created by the 1989 persecution, combined with the renewed targeting by the police in 1998, compels the conclusion that Chen has a well-founded fear of future persecution in China. *See Al Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) ("[E]ven a ten percent chance of persecution may establish a well-founded fear."). Even if the fear from the 1989 incident no longer existed due to the passage of time, it is revived by the information that the police issued a warrant for Chen's arrest because of her anti-communist teachings.

Chen did not show it was more likely than not that she would be tortured by authorities or individuals acting in an official capacity if she returned to China. *See* 8 C.F.R. § 208.16(c)(2).

We remand for the Attorney General to exercise his discretion as to whether to grant asylum, and for an appropriate order withholding removal of Chen.

Because we remand we do not reach Chen's due process claim.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**